**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 28 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHNELL JACKSON, | No. 20-15851 |
| Plaintiff-Appellee, | D.C. No. 2:18-cv-01132-MCE-CKD |
| v. | |
| JALAL SOLTANIAN-ZADEH, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted January 20, 2021[**]

Before:    McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Defendant Dr. Jalal Soltanian-Zadeh appeals from the district court's order

denying him qualified immunity in plaintiff Johnell Jackson's 42 U.S.C. § 1983

action alleging deliberate indifference to his serious medical needs.  We have

jurisdiction over this interlocutory appeal under 28 U.S.C. § 1291.  *Plumhoff v.*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Rickard*, 572 U.S. 765, 771-73 (2014). We review de novo the district court's summary judgment on the ground of qualified immunity. *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 946 (9th Cir. 2017). We affirm.

The district court properly concluded that, resolving all factual disputes and drawing all reasonable inferences in Jackson's favor, Dr. Soltanian-Zadeh is not entitled to qualified immunity because Jackson's right to be free from deliberate indifference to an excessive risk to his health was clearly established, and a reasonable official would have known that failing to provide for a lower bunk assignment was unlawful under the circumstances. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (setting forth two-part test for qualified immunity); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference to serious medical needs constitutes a violation of the Eighth Amendment); *see also McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (1997) (en banc) ("A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury[.]") (citation and internal quotation marks omitted).

To the extent defendant challenges the district court's finding that the record shows a "genuine dispute of material fact as to whether defendant was at least deliberately indifferent to plaintiff's health or safety by not ordering that plaintiff be restricted to a lower bunk," we lack jurisdiction to consider this finding in this

interlocutory appeal.  *See George v. Morris*, 736 F.3d 829, 834-36 (9th Cir. 2013) (explaining limited scope of review of an interlocutory appeal involving denial of qualified immunity).

**AFFIRMED.**